**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**IN RE: LARRY A. BRATTON,**  1:12-mc-73
  (GLS)

**Respondent.**
_____

# ORDER

On October 4, 2012, United States District Judge Glenn T. Suddaby recommended that respondent Larry A. Bratton be enjoined from filing future cases in this District without permission from the Chief Judge. (*See* Dkt. No. 7 at 5-6, 5:12-cv-204.) As such, Bratton must be given an opportunity to show cause why an anti-filing injunction should not be entered.

It is well settled that "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). Where a litigant persists in the filing of vexatious and frivolous suits, it may be appropriate to place certain limitations on the litigant's future access to the courts. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (citation omitted); *see also Shafii*, 83 F.3d at 571 ("The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be

an appropriate sanction."). Before imposing such limitations, the court should consider:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) (citation omitted).

After carefully reviewing the record—including Magistrate Judge Peebles' Report-Recommendation and Order (R&R), (*see* R&R, Dkt. No. 5, 5:12-cv-204), and Judge Suddaby's order adopting the R&R and referring the matter, (*see* Dkt. No. 7, 5:12-cv-204)—the court concludes that unless Bratton shows cause otherwise, he should be enjoined from filing future lawsuits without leave of the Chief Judge. The court notes that Bratton has filed ten previous lawsuits in this District (nine prisoner civil rights actions and one habeas corpus action), as well as one (a prisoner civil rights action) in the Western District of New York. In all but one of these actions,

2

Bratton was given leave to proceed *in forma pauperis*.[1]

There is little doubt that Bratton lacks a good-faith expectation in prevailing in his lawsuits, has caused needless expense to other parties, and it appears that sanctions lesser than an anti-filing injunction would unlikely curb Bratton's excessive filings. Notwithstanding the overwhelming support for the issuance of an anti-filing injunction, fairness and the interest of justice dictate that Bratton be given notice and an opportunity to be heard. *See Iwachiw*, 396 F.3d at 529. As such, he shall have fourteen (14) days from the date of this Order to show cause, *in writing*, why he should not be enjoined from any further filings in the Northern District of

---

[1] 1) *Bratton v. Monroe Cnty.*, 91-CV-6129 (W.D.N.Y. filed Mar. 29, 1991) (*pro se* civil rights action dismissed for failure to prosecute); 2) *Bratton v. Tompkins Cnty.*, 93-cv-1455 (N.D.N.Y. filed Nov. 18, 1993) (*pro se* civil rights action dismissed for failure to prosecute and to follow court orders); 3) *Bratton v. Eidens*, 01-cv-267 (N.D.N.Y. filed Feb. 22, 2001) (*pro se* civil rights action dismissed on defendants' motion for summary judgment; appeal dismissed due to plaintiff's default); 4) *Bratton v. Buffardi*, 01-cv-334 (N.D.N.Y. filed Mar. 7, 2001) (habeas corpus action dismissed for failure to follow court order); 5) *Bratton v. Comm'r Goord*, 02-cv-185 (N.D.N.Y. filed Feb. 11, 2002) (*pro se* civil rights action dismissed on defendants' motion for summary judgment; decision affirmed on appeal); 6) *Bratton v. Goord*, 02-cv-1557 (N.D.N.Y. filed Dec. 16, 2002) (*pro se* civil rights action dismissed on defendants' motion for summary judgment; appeal dismissed as lacking arguable basis in law or fact); 7) *Bratton v. Baker*, 03-cv-1458 (N.D.N.Y. filed Dec. 8, 2003) (*pro se* civil rights action dismissed on defendants' motion for failure to state a claim; appeal dismissed for failure to file prisoner authorization form); 8) *Bratton v. Spitzer*, 04-cv-748 (N.D.N.Y. filed June 28, 2004) (*pro se* civil rights action dismissed on defendants' motion to dismiss for failure to state a claim); 9) *Bratton v. NYS Div. of Parole*, 05-cv-950 (N.D.N.Y. filed July 27, 2005) (*pro se* civil rights action dismissed on defendants' motions for judgment on the pleadings and for summary judgment; appeal dismissed for failure to file brief); 10) *Bratton v. Allen*, 11-cv-77 (DNH/CFH)(N.D.N.Y. filed Jan. 21, 2011) (pending *pro se* civil rights action); 11) *Bratton v. Fitzpatrick*, 12-cv-204 (N.D.N.Y. filed Jan. 30, 2012) (*pro se* civil rights action dismissed for failure to state a claim).

New York without leave of the Chief Judge.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Bratton shall, within fourteen (14) days of the date of this Order, show cause, *in writing*, why he should not be enjoined from any further filings in the Northern District of New York without leave of the Chief Judge; and it is further

**ORDERED** that if Bratton does not fully comply with this Order, the court will issue a subsequent order, without further explanation, permanently enjoining Bratton from filing a pleading or document of any kind in any other case in this District without leave of the court; and it is further

**ORDERED** that the Clerk provide a copy this Order to Magistrate Judge Christian F. Hummel, Judge Peebles, District Judge David N. Hurd, and Judge Suddaby; and it is further

**ORDERED** that the Clerk shall provide a copy of this Order to Bratton by certified mail.

**IT IS SO ORDERED.**

November 28, 2012
Albany, New York

*Gary L. Sharpe*
Chief Judge
U.S. District Court

4